

**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-00485 VAP (SPx)                                              Date:  April 5, 2012

Title:   U.S. BANK NATIONAL ASSOCIATION -v- LUIS LOPEZ; LILIA LOPEZ; AND DOES 1 TO 10, INCLUSIVE
=====================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On February 10, 2012, Plaintiff U.S. Bank National Association ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Luis Lopez and Lilia Lopez ("Defendants") in the California Superior Court for the County of San Bernardino.  (Not. of Removal.)  On April 3, 2012, Defendants removed the action on the basis of this Court's diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.  (<u>See</u> <u>id.</u>)  Defendants also filed an Application for Temporary Restraining Order ("TRO").

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth

EDCV 12-00485 VAP (SPx)
U.S. BANK NATIONAL ASSOCIATION v. LUIS LOPEZ; LILIA LOPEZ; AND DOES 1 TO 10, INCLUSIVE
MINUTE ORDER of April 5, 2012

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

     Defendants claim removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332. (See Not. of Removal at 2.) Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case. Defendants do not explain how a case, filed by Plaintiff as one where damages are no more than $25,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction. See Compl.; 28 U.S.C. § 1332.

     Defendants also allege the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims arise under federal law. (See id. at 2-3.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendants have not shown the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

     "If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001)

| MINUTES FORM 11 | Initials of Deputy Clerk ___md___ |
|---|---|
| CIVIL -- GEN | Page 2 |

**EDCV 12-00485 VAP (SPx)**
**U.S. BANK NATIONAL ASSOCIATION v. LUIS LOPEZ; LILIA LOPEZ; AND DOES 1 TO 10, INCLUSIVE**
**MINUTE ORDER of April 5, 2012**

("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Accordingly, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**